## LEIGHTON v. HOSMER.

**Partnership:** COMPENSATION BY PARTNER FOR LOST TIME. It was expressly stipulated in the articles of co-partnership that each of the four partners should devote all his time to the business of the firm. Included in the individual account with H., one of the partners, was a charge for lost time, by which his share of the profits was to that extent diminished. In an action against H., another of the partners was garnished as a debtor of H. to the extent of one-fourth of the charge for lost time, and it was claimed that the charge should have been rejected, because it was in the nature of an allowance to the others for services. It was *held* that the court could not say, as a matter of law, that the plaintiff was entitled to recover, and that the charge for lost time constituted an indebtedness to H. on the part of the other members of the firm.

*Appeal from Lee Circuit Court.*

WEDNESDAY, OCTOBER 22.

THE plaintiff having obtained judgment against J. M. Hiatt, November 16, 1872, for $4,358.37, had execution issued thereon, and on December 18, 1872, the defendant herein, A. Hosmer, was garnished, as the supposed debtor of said Hiatt. Hosmer, in his answer, admitted that he owed Hiatt a certain small sum, which he paid at once to the proper officer, and, also, denied any further indebtedness whatever. Issue was taken upon this answer. The issue was tried by consent to the court, without a jury, and, upon the evidence, the court found for the plaintiff for $46.81, and rendered judgment accordingly. The plaintiff claims that he should have recovered $275, with six per cent. interest from April 1, 1869, and because he did not, he appeals.

*Gillmore & Anderson*, for appellant.

*McCrary, Miller & McCrary*, for appellee.

COLE, J.—On March 1, 1867, Hiatt, Hosmer, Faber and Paul formed a partnership for manufacturing and dealing in lumber, to continue three years. Hosmer and Faber furnished the capital, $20,000, and for which they were to be paid interest; Hiatt and Paul were skilled in the business. The fourth stipulation of the articles of co-partnership was as follows: " All the said partners shall devote and give all their time to the business and interest of said firm." The evidence tends to show that for two of the winters, in which but little business was expected or done, Hiatt did not, by reason of sickness, give any attention whatever to the business, and that for most of the time during the last year he was also absent from the business, and gave it no attention, and that for a part of that year a man was hired in his place, and paid out of the firm funds. The books of the firm showed a net total profit of $45,225.51, and, according to the books, each partner had withdrawn or received his full proportionate share of the profits. But included in the individual account of Hiatt, and which went to make up his share of the profits, was a charge against him, because of his loss of time, as follows: April 1, 1869, J. M. Hiatt, to expense account, $1,100." The correctness of this charge is the real question at issue between the parties—the plaintiff claiming that it is improper, and that Hosmer owes Hiatt the one-fourth thereof, with interest. It is a question of fact; the evidence is more or less conflicting, and the trial court investigated the whole matter upon its merits of fact, and reduced the charge to $783.50, and found for the plaintiff Hosmer's proportion, or one-fourth the difference between that amount and the $1,100, as charged. While, as an original question of fact, we might not have reached precisely the same result upon the evidence, yet, under the well settled rule, in cases of finding of fact by the court, we would not be justified in disturbing the finding.

But the learned counsel for appellant insist that since, under the law, every partner is under an implied obligation to devote his time and services to the business of the firm, and this without reward, unless expressly stipulated for, (See Collyer on Part., Sec. 183; Story on Part., Sec. 182;) this

charge of $1,100 must be rejected as a matter of law, because it is in the nature of an allowance to the others for their services. In our view, however, the fourth stipulation in the articles of partnership is different in effect from the implied obligation of the law, and bound the partners expressly to devote their time to the business of the firm, and this express obligation may be construed as equivalent to an agreement to account for any loss of time. In other words, we cannot say, as a matter of law, and against the finding by the court, that the plaintiff is entitled to recover one-fourth of said sum.

AFFIRMED.