HARMON H. HART, Appellant, *v.* THEODORE W. MYERS
AND EDWARD H. MYERS, Respondents.

*Partnership — where one partner agrees to give his services, and these could be performed equally as well by another, the firm may, in case of his sickness, hire a substitute at his expense.*

In an action brought to procure an accounting in reference to partnership assets, it appeared that the plaintiff and defendants formed a partnership to do business as stockbrokers under an agreement which provided that the party of the second part (the plaintiff), and the party of the third part (one of the defendants), bound themselves to give their entire time and attention to the business of the said copartnership, "the party of the third part to attend to all the business upon the New York Stock Exchange, and the party of the second part agreeing to give his time and attention to the office business." The plaintiff (the party of the second part) was ill for a long time, and the other partners hired a person to do his work.

Upon an accounting between the partners his share of the firm assets was charged with this expense.

*Held,* proper; that as the services to be rendered by the plaintiff were not personal in the sense that they could not be rendered equally as well by another, and as in fact they were so rendered, the illness of the plaintiff did not excuse his non-performance, and the expense of procuring a substitute was a proper charge against the plaintiff's interest in the firm.

APPEAL by the plaintiff from a judgment, entered in the clerk's office of the county of New York on the 16th day of October, 1890, in favor of plaintiff, in so far as said judgment failed to award plaintiff the further sum of $1,842.22, with which plaintiff was debited by the fourteenth finding of the referee's report.

*Michael H. Cardozo,* for the appellant.

*Simpson & Werner,* for the respondents.

DANIELS, J.:

The principal object of this action was to settle the accounts of a partnership previously existing between the plaintiff and the defendants. It was formed by a written agreement, made on the 31st of December, 1888, and to continue to, and terminate on, the 31st of December, 1890, with the privilege, however, to end the partnership on the last day of December, 1889. In the settlement of the affairs of the partners the plaintiff was charged with the sum of $1,742.77, besides interest, for the expenses which were paid for

the services of an assistant in the business during the period of his illness and inability to take charge of and manage the part of it which had been assigned to him. He was the party of the second part in the agreement. And by the fifth subdivision of the articles it was covenanted that : " The said parties of the second and third parts do bind themselves to give their entire time and attention to the business of the said copartnership, the party of the third part agreeing to attend to all the business upon the New York Stock Exchange, and the party of the second part agreeing to give his time and attention to the office business."

And it appeared by the evidence in the case that the plaintiff, from the last of October until the close of the year, failed to perform the duties in the business which had been in this manner assigned to him. This failure was caused by his personal illness, rendering him incapable of giving his efforts and attention to the business for most of this interval of time. And during that period another person was employed by the other two partners who performed the services which were within the scope of the plaintiff's obligation. He was charged, in the manner already stated, with the amounts paid to that person, and it is to review the legality of that charge that this appeal has been taken from the judgment.

To maintain the appeal the legal principle has been referred to, which has frequently been applied, to absolve persons from the performance of their contracts for the rendition of their services when that has been prevented by illness. As a legal proposition this principle has become very well settled in the law, but it has been applied only so far as to relieve the party from the obligation to perform his agreement when the services required from him are personal in their nature, and necessarily to be rendered by himself. That was the fact in *Boast* v. *Firth* (L. R., 4 C. P., 1). There the party who was bound by the agreement was an apprentice, and failed by reason of illness to proceed with his service. And it is evident from the service he was to render that no other person was capable of fulfilling the agreement. In *Robinson* v. *Davison* (L. R., 6 Exch., 269) the services to be rendered were those of a pianist, which were as strictly personal in their character as those mentioned in the other case. And that seems to have been the nature of the services brought in controversy in the case of *Wolfe* v. *Howes*

(24 Barb., 174; 20 N. Y., 197). They were considered and held by the court to be services capable of being rendered only by the individual who had agreed to perform them. And for that reason the party obligated was absolved from the performance when that became impractical by reason of his illness.

But the services which the plaintiff in this case undertook and agreed to perform, as a member of the firm, were not strictly of this character, for they could be, as by the evidence they appear to have been, adequately performed by another person skilled in and acquainted with the business which the firm transacted and carried on. And where that is proven to be the fact, there this general principle becomes inapplicable. By entering into the agreement which he did, the plaintiff assumed as broad an obligation with his partners for the rendition and performance of these services as though it had been created under a different agreement not constituting the relation of partners between the parties to it. And the other parties were entitled to insist upon its observance by him in the same manner and to the same extent as though it had been an agreement with him as a subordinate agent. And in this class of cases it has accordingly been held as a general proposition, where one of the partners may have failed to perform the obligation in this manner created, that he is chargeable in the settlement of the partnership affairs with the expenditures that may have been incurred and made because of that circumstance. (*Stegman* v. *Berryhill*, 72 Mo., 307; *Marsh's Appeal*, 69 Penn., 30; *Leighton* v. *Hosmer*, 39 Iowa, 594; *Airey* v. *Borham*, 29 Beav., 620; *McDonald* v. *Richardson*, 10 L. T. Rep., 166.)

And the party can relieve himself from the obligation to render the services by reason of his illness only when that service is personal in its nature and cannot be equally as well performed by another person. If that cannot be done, then this general principle maintained by these authorities will require the partner disabled by illness to indemnify his copartners against the expenses incurred by them in securing the performance of the same services by another person. This principle was sanctioned in the case of *Wolfe* v. *Howes* (20 N. Y., 197), in which the statement was approved, "that where the contract is for personal services which none but the promisor can perform, there inevitable accident, or the act of God,

will excuse the non-performance and enable the party to recover upon a *quantum meruit.* But where the thing to be done or work to be performed may be done by another person, then all accidents are at the risk of the promisor." (Id., 201, 202.) And this was likewise sanctioned in *Williams* v. *Vanderbilt* (28 N. Y., 217, 223). And so it was indirectly, also, in *Spalding* v. *Rosa* (71 N. Y., 41), where it was said that "contracts of this character for the personal services, whether of the contracting party or of a third person, requiring skill, and which can only be performed by the particular individual named, are not in their nature, of absolute obligation under all circumstances," but "are subject to this implied condition that the person shall be able at the time appointed to perform them, and if he dies, or without fault on the part of the covenantor becomes disabled, the obligation to perform is extinguished." (Id., 44.) And to the same effect is the case of *Wheeler* v. *Connecticut Mutual Life Insurance Company* (82 N. Y., 543), in which it was held that "where the contract is for personal services, which none but the person contracting can perform, inevitable accident, or the act of God, will excuse non-performance. But when the thing or work to be performed may be done by another person, then all accidents are at the risk of the promisor." (Id., 550.) And *Hunter* v. *Little* (17 Weekly Dig., 500) maintains the same point. This qualification of the principle, invoked to sustain the appeal, is directly applicable to this action, for it appeared beyond controversy that the services which the plaintiff had obligated himself to render as a member of the firm were capable of being performed by other persons. And as that was the fact, this principle imposed upon him the duty of securing performance in that manner. And when he failed to do that, it followed that the other members of the firm were entitled to provide for that performance as they did, and to charge him with the necessary expenses to which they were subjected in securing that end.

The charge made against the plaintiff in the settlement of the partnership accounts was, therefore, legal and proper, and the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.