Argued February 12; decided April 6, 1896.

## BARLOW v. TAYLOR MINING COMPANY.

[44 Pac. 492.]

1. MASTER AND SERVANT—INDEFINITE EMPLOYMENT—BURDEN OF PROOF.— A general indefinite employment to perform certain services at a stipulated compensation per month, without any agreement as to the period of employment, terminates where the employé ceases to work, in the absence of some agreement to the contrary; and the burden of proof is on the employé to show that he was to receive pay for additional time while he was not working.

2. PRINCIPAL AND AGENT—EVIDENCE.—A mere employé of a principal has no power to bind the principal by statements or agreements outside the scope of his employment, and such acts on his part are not competent as evidence against the principal.

3. QUESTION FOR JURY.— In an action by an employé to recover compensation under a contract of indefinite hiring for a period while not

actually working, the question how long, under an agreement of the parties, the employé was to receive compensation while not actually at work, is for the jury.

APPEAL from Josephine: HIERO K. HANNA, Judge.

This is an action for work and labor alleged to have been performed under a contract of hiring. The facts are that in September, eighteen hundred and ninety-two, at Portland, Oregon, the plaintiff, Charles O. Barlow, was employed by the defendant, The Taylor Placer Mining and Milling Company, to superintend and engage in the work of setting up and operating certain mining machinery in Josephine County, to be used by the defendant in the operation of its mine, at a stipulated compensation of one hundred and fifty dollars per month; but there was "no express agreement, nor did the contract contemplate that he was to be employed for any designated period of time." Under this arrangement he commenced the work in October eighteen hundred and ninety-two, and continued thereat until April first, eighteen hundred and ninety-three, when the defendant suspended operations and discharged all its laborers. The plaintiff, after remaining in and about the mine for a few days without doing any work, returned to Portland, and remained there until about the seventeenth of the following month, when he was requested to return to the mine for the purpose of resuming work, which he did, and remained there until the tenth of June, waiting, under the direction of the company, for some machinery which the railroad company refused to deliver until the freight was paid. On the latter date,

the defendant being unable to pay the freight, and there being no work for the plaintiff, he returned to Portland, and remained there until some time in the following November, when he voluntarily returned to Josephine County, and, after working a few days for the company, was discharged. It is admitted by plaintiff that he has been paid for all the work actually done by him, and the defendant admits that it is liable to him for the time lost awaiting machinery, to wit, from May seventeenth to June tenth, eighteen hundred and ninety-three, and offers in its answer to allow judgment to go against it for the amount of the agreed compensation for that time; but the plaintiff claims that he is entitled to wages from the time of his first employment, in September, eighteen hundred and ninety-two, to his final discharge in December, eighteen hundred and ninety-three, and gave evidence tending to show that it was the understanding and agreement between himself and the defendant upon the two occasions when he left the mine to return to Portland in April and June, eighteen hundred and ninety-two, that he should hold himself subject to the orders of the company, and that his wages should continue the same as if he was actually at the mine. On the other hand, the defendant claims and gave evidence tending to show that the plaintiff was discharged April first, eighteen hundred and ninety-three, and reémployed in May, and again discharged on June tenth, and that there was no agreement that he should be paid for any time except when he was actually working for the company. After a trial,

the verdict being for plaintiff, judgment was entered
for the full amount claimed, from which defendant
appeals.                                    REVERSED.

For appellant there was an oral argument and a
brief by *Mr. Francis Fitch*, making these points:

While a contract for labor without express speci-
fication of term is, in the United States, a hiring at
will, yet where there is neither express agreement
nor circumstances indicating the term, a servant is
presumed to have been hired for such length of
time as the parties adopt for the estimation of wages.
If the payment of monthly or weekly wages is the
only circumstance from which the duration of the
contract is to be inferred, it will be taken to be a
hiring for a month or a week: Am. and Eng.
Ency. of Law, Vol. XIV, 762–771; Lawson's Rights,
Remedies, and Practice, Vol. I, 460; *Beach* v. *Mullin*,
34 N. J. Law, 343; *Bleeker* v. *Johnson*, 51. How. Pr.
380; *Nichols* v. *Colahan*, 10 Metc. 449; *Delappe* v. *Sul-
livan*, 7 Colo. 182. Contracts for labor under a gen-
eral hiring at a certain rate, and for no particular
period of time, are contracts in which the compen-
sation is apportionable to the labor. If no work is
performed during a particular term, the employer
cannot be held for compensation during such term:
Am. and Eng. Ency. of Law, Vol. XIV, 793, note 4;
Parsons on Contracts (7th ed.), Vol. II, 651–652;
Note to *Cuthbert* v. *Kuhn*, 31 Am. Dec. 520; *Griffin*
v. *Domus*, 22 Ill. App. 203.

For respondent there was a brief and an oral argument by *Mr. Davis Brower*, urging these points:

The rule in the American courts is settled beyond controversy, that an indefinite contract of hiring, as to the term of service, is *prima facie,* a hiring at will, and if either party seeks to make it out a yearly or monthly or daily hiring, the burden is upon him to establish that fact by proof. In this country the courts universally hold that a hiring at so much a day, or so much a week or so much a month or year, no term of service being specified or limited, (as in the case at bar,) is an indefinite hiring; a hiring at will, and no presumption attaches that the hiring was for a day even, or any other period of time, but only at the rate specified for whatever time the employë may work. In such case it is always competent for either party to show what the mutual understanding of the parties was in reference to terms of the hiring; but unless their understanding was mutual that the service was to extend for a certain fixed and definite period it is an indefinite hiring, and is determinable at the will of either party: Wood on Master and Servant (2 ed.), § 136; *DeBriar* v. *Minturn*, 1 Cal. 450; *Campbell* v. *Jinenes*, 23 N. Y. Supp. 333; *Howard* v. *Railway Company*, 8 So. 868; *Clark* v. *Ryan*, 11 So. 22; *Ward* v. *Ruckman*, 34 Barb. 419; *Peacock* v. *Cummings*, 46 Pa. St. 434; *Coffin* v. *Landis*, 46 Pa. St. 426; *Franklin Company* v. *Harris*, 24 Mich. 115; *Tatterson* v. *Suffolk Manufacturing Company*, 106 Mass. 56; *Provost* v. *Harwood,* 29 Vt. 219; *Harper* v. *Haz-*

zard, 113 Mass. 187; *Howard* v. *East Tennessee Railway Company*, 8 So. 868.

Opinion by MR. CHIEF JUSTICE BEAN.

1. The court charged the jury, in effect, that under the contract as testified to by the parties the plaintiff remained in the employ of the company until he was actually discharged, and if they were not satisfied by a preponderance of the testimony that he had actually been discharged prior to December, eighteen hundred and ninety-three, he was entitled to recover in this action compensation for the time he was not at work for the company, if he held himself in readiness for the service required of him by such contract. In our opinion, this instruction was erroneous. The original contract of hiring was not for a definite period of time, with the right reserved to defendant to discharge the plaintiff at any time, as the instruction of the court would seem to contemplate, but it was a general, indefinite hiring, subject to be terminated by either party at pleasure: Wood's Master and Servant, 283. And by the tacit agreement of the parties, evidenced by their acts, it continued so long as plaintiff worked for the defendant; but, when he ceased to work, we think the contract of hiring terminated, unless there was some agreement of the parties to the contrary. The plaintiff was employed to perform certain services for defendant, at a stipulated compensation, and so long as he continued to render the services, he was entitled to the stipulated wages; but, when

he ceased to work, his right to compensation ceased also, unless there was an agreement that his employment should continue. The burden of proof was, therefore, not upon the defendant to show that plaintiff had been actually discharged when he ceased to work for it, but it was on him to show that, under the contract, his employment and wages were to continue during the time he was rendering no services to his employer.

2.   To support his contention that he was in the employ of the company and entitled to wages during the time he was in Portland, from April tenth to May seventeenth, eighteen hundred and ninety-three, plaintiff was permitted, over the objection of defendant, to testify that before going to Portland he asked one Dodd, the bookkeeper of defendant, if it would be necessary for him to seek another job while in Portland, and that Dodd said it was not, as the company might need his services at any moment, and, if. so, he would telegraph him. The evidence shows that the general manager of the defendant, who hired and discharged the men, and who employed the plaintiff, was one Taylor, and there was no evidence whatever to show, or tending to show, that Dodd had any authority to bind the company by any contract of hiring, or by any declarations of the character given in evidence, and hence the admission of this testimony was error.

3.   The plaintiff testified that in June, eighteen hundred and ninety-three, he received a telegram

announcing the illness of his family, and showed it
to the general manager of the defendant, who gave
him permission to go to Portland; that he inquired
about his wages, and that the general manager said:
"Go ahead. Your wages will go on just the same.
I may telegraph for you at any day, as I may get
the money and orders to unload the machinery. If
you cannot come, send a competent man in your
place." Defendant requested the court to instruct
the jury that if these facts were established by the
evidence they would only tend to show a continu-
ance of the contract for the current month, and if
plaintiff did not return to work at the end of the
month, and was not requested by defendant to re-
turn, the contract between him and defendant termi-
nated, and plaintiff could not recover wages for the
time he was unemployed · after the close of the
month. We think this instruction was properly re-
fused. Under the agreement, as testified to by the
plaintiff, the length of time he was to remain in
Portland under wages depended entirely on the un-
derstanding and intent of the parties, which could
be ascertained only from a consideration of all the
circumstances of the case. It was an inference of
fact for the jury, and not of law for the court. The
judgment must be reversed and new trial ordered.

REVERSED.