Argued 19 July, decided 15 August, 1905.

## MEE v. BOWDEN MINING CO.

81 Pac. 980.

MASTER AND SERVANT — DISCHARGE — INSTRUCTIONS.

1. In an action for services performed, where the issue was an implied discharge, and the court charged, without exception from defendant, that if plaintiff went into defendant's employ at a stipulated salary without any time being fixed as to how long he should work, he was entitled to wages until such time as he had been notified of his discharge, and if he remained in possession of defendant's property after the works were shut down, and held himself in readiness to perform such work as defendant might direct him to do, under an honest belief that he was still in defendant's employ, and if he had in fact never been discharged, the jury should find for plaintiff, a further charge that the jury might take into consideration, in determining whether plaintiff was entitled to recover, whether defendant consulted plaintiff with reference to future development of the property, and called upon him to perform any duties after the other men were discharged, was equivalent to a charge that such matters might be taken into consideration in determining whether there had been a discharge, and was not erroneous.

APPEAL — DISBURSEMENTS SUBSEQUENT TO JUDGMENT — RENDITION OF ADDITIONAL JUDGMENT ON AFFIRMANCE.

2. Where an attachment was sued out in aid of an action, and subsequent to judgment an execution was issued, and a sale of the attached property was adjourned from time to time, causing the incurrence of expenses and disbursements in a stipulated amount, before the taking of an appeal by defendant, which would have been collected except for such appeal and consequent stay of execution, plaintiff, upon procuring an affirmance of the judgment, is entitled to an additional judgment against defendant and his sureties for the amount of the stipulated expenses so incurred.

From Jackson : HIERO K. HANNA, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is an action by William L. Mee against the Bowden Gold Mining Co. upon a contract for services performed. The especial allegations of the complaint respecting the contract are :

"That between the 10th day of July, 1903, and the 30th day of June, 1904, plaintiff, at the special instance and request of the defendant, performed for the defendant services as foreman in a mine operated by defendant for a period of 11⅔ months at the agreed price of $150 per month and plaintiff's board."

A trial was had before a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Holbrook Withington*.

For respondent there was a brief over the name of *A. E. & C. L. Reames*, with an oral argument by *Mr. Clarence L. Reames*.

Mr. Chief Justice Wolverton delivered the opinion.

1. But a single question is presented, which is whether the court erred in giving to the jury an instruction as follows:

"If, after the other men were discharged from the mine, the plaintiff continued in possession, believing he was still employed by the defendant, and you find that defendant consulted the plaintiff with reference to future development of the property, and called upon him during this time to perform any duties, then you would have a right to take into consideration these things done by the defendant in determining whether the plaintiff is entitled to recover or not; that is, you would have a right to consider that they had consulted him while he was, with their knowledge, in possession of the property, if you find these to be facts."

There is no statement in the bill of exceptions showing what the tendency of the testimony was in any respect, and the only matter that we have for inspection for determining the relevancy or irrelevancy of the instruction complained of is the remaining instructions given in the cause. The immediate question that the court desired to submit to the jury, we gather from the other instructions standing in near relation to the one complained of, was whether the plaintiff had been sooner discharged by the defendant from its service than he claimed. Those other instructions are, in effect, that if the plaintiff went into the employ of the defendant at a stipulated salary, without any time being fixed as to how long he should work, then he would have a right to expect that he was entitled to his wages until such time as he had been notified of his dis-

charge; and that, if plaintiff remained in the possession of defendant's property after the mine was shut down, and held himself in readiness to perform such work as defendant might direct him to do, under the honest belief that he was still in the defendant's employ, and "you further find that he has never been discharged, then you should find for the plaintiff." No exceptions were saved to these instructions, and the defendant must therefore have deemed that they state the law correctly. There was a continuing employment under the contract, and plaintiff would be entitled to his wages until he was discharged by the defendant. The discharge might have been accomplished by direct dismissal, or it might have been implied from the acts of the defendant and its manner of dealing with the plaintiff. It does not seem to be claimed that the former method of discharge had been availed of, but that the attendant circumstances and conditions and the acts of the parties evidenced a discharge notwithstanding, and that plaintiff's employment ceased at the end of two and two-third months. Now, it is apparent that the instruction complained of was designed to inform the jury that the certain matters there referred to might be taken into consideration in determining whether there had been a discharge of the plaintiff, or his services had been discontinued; or, as the court has put it, that they had a right to consider those things in determining whether or not the plaintiff is entitled to recover. The one expression was employed as the equivalent of the other, and the jury probably so understood the instruction. In this view there was no error. The case of *Barlow* v. *Taylor Min. Co.*, 29 Or. 132 (44 Pac. 492), is not averse to this holding.

2. The parties plaintiff and defendant have stipulated as an additional abstract of record in this case that at the commencement of the action an attachment was had, and

47 Or.——10

a keeper placed in charge of the attached property; that subsequent to judgment an execution was issued; that a sale of the attached property was adjourned from time to time; that the expenses attendant upon 'said execution and attachment, as shown by the return upon said execution, made subsequent to appeal, are $284; that all of said expenses and disbursements were made before such appeal was taken, and would have been collected but for said appeal and the stay of execution on account thereof. Based upon this record, respondent insists that we should render judgment against the appellant and his sureties for this amount in addition to the judgment below. As the exact sum is stipulated, and as it is clear that the defendant is liable therefor to the plaintiff, and was hindered and prevented in the collection thereof by the stay of execution, we think he is entitled to the relief.

Let the judgment of the circuit court therefore be affirmed, with this additional relief.        AFFIRMED.