PRUSSING VINEGAR COMPANY
v.
JOHN S. MEYER.

*Master and Servant—Sickness of Servant—Settlement—Note—Set-off.*

Where the master has credited his servant with full time and settled on that basis, he can not claim a set-off in an action on a promissory note, given to the servant, on the ground of loss of time on the part of the latter by reason of sickness.

[Opinion filed May 16, 1888.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. CRATTY BROTHERS & ASHCRAFT, for appellant.

Messrs. J. McGRATH and D. P. HENDRICKS, for appellee.

BAILEY, J.   This was a suit in assumpsit, brought by John S. Meyer against the Prussing Vinegar Company, to recover

the amount of a promissory note for $578.01, executed by the defendant to John W. Prussing, dated December 29, 1884, and due four months after date. After the maturity of said note and on or about June 1, 1885, John W. Prussing assigned it to E. L. Prussing, who, on or about June 7, 1885, assigned it to the plaintiff. The defendant pleaded non-assumpsit, failure of consideration and set-off, and on trial before the court, a jury being waived, the issues were found for the plaintiff and his damages assessed at $658.87, and for that sum and costs the plaintiff had judgment.

On the first day of August, 1884, the defendant and John W. Prussing entered into an agreement in writing, by which the defendant hired said Prussing to act as its traveling salesman for a term of three years, for which it agreed to pay him at the rate of $3,000 per year, payable monthly, together with his traveling expenses, said Prussing agreeing, on his part, to devote his entire time and attention during said term to the defendant's business, and to follow such instructions as it should from time to time give him. Prussing entered upon the performance of his agreement and continued to act as the defendant's traveling salesman until December 12, 1884, when he was taken sick, and so continued for the period of about five months, during which time he was able to do very little, if anything, in the service of the defendant. At the date of said note there was due Prussing on account, including his salary for the month of December, 1884, the sum of $328.01, and by arrangement between him and the defendant, said note was given to cover that indebtedness and also Prussing's salary for the month of January, 1885. After the note was given, the defendant continued to credit Prussing each month with the entire amount of his salary, both during his sickness and after he had recovered and resumed his duties as the defendant's traveling salesman. In September, 1885, the defendant rendered Prussing a statement of his account, in which he was credited the full amount of his salary and expenses up to September 1, 1885, and in which he was charged with the portion of his salary included in said note, said account showing a balance in Prussing's favor of $842.19. For this balance

the defendant paid Prussing $200 in cash, and gave him its promissory note for $642.19, which it subsequently paid. Prussing continued in the defendant's employ under the agreement down to some time in December, 1885, at which time he was discharged from said employment on the ground, as the defendant alleges, that while pretending to serve the defendant he was in reality assisting a rival business.

It appears that the defendant's president and general manager was on very friendly terms with Prussing and had great sympathy for him in his sickness, and the evidence shows beyond controversy that during said sickness it was the defendant's intention to pay him his salary without deduction, and that it was in pursuance of such intention that said credits were given and the account rendered up to September on that basis and the balance thus paid in full.   It was not until the time of Prussing's discharge that the defendant conceived the idea of charging back to Prussing the amount of his salary during his sickness and of seeking to set the same up as a defense to the note now in suit.

We are of the opinion that this defense can not and ought not to be maintained.   The giving of credit to Prussing for his salary during his illness, and the subsequent settlement and payment of the full balance due him as shown by the account, took place with full knowledge on the part of the defendant of all the facts.   The legal inference to be drawn from these credits and the subsequent settlement is, either a waiver on the part of the defendant of performance by Prussing of his part of the agreement during his illness, or a practical construction of the agreement by the parties to the effect that no deduction was to be made from Prussing's salary during such time as he should be thus disabled from service.   Furthermore, we are unable to perceive why the settlement between the parties in September should not be given the same conclusive effect which is ordinarily given to settlements between parties voluntarily and understandingly made, and where there is an entire absence of fraud or mistake.

We are of the opinion that the judgment is clearly warranted by the evidence and it will therefore be affirmed.

*Judgment affirmed.*