# Wilson v. Smith.

### Action of Assumpsit.

1. *Contract of employment; when evidence of custom inadmissible.*— When there is no ambiguity in the terms of a contract sued upon from the standpoint of either party, evidence of the custom of defendant under the circumstances shown by the facts of the case is inadmissible, notwithstanding there was conflict in the evidence as to the terms of the contract.

2. *Same; burden of proof.*—In an action by an employé against an employer to recover for time lost during the term of service by absence from business, the burden is upon the plaintiff, to show that he was entitled to be paid for the time so lost, by the contract of employment, or by the assent of the defendant at the time he absented himself, without deduction from the salary agreed upon; and unless such burden is met, the law entitles the defendant to recoup damages for a material loss of the services of the employé.

3. *Same; right of employer to recoup damages for loss of services need not be stipulated in the contract.*—Where, in an action by an employé against an employer, to recover for the time lost during the plaintiff's absence from the services of the defendant, it is shown that the plaintiff's employment was under a contract for a year, a charge is erroneous which instructs the jury that if the "contract was for a year, and there was no agreement by which plaintiff's lost time for sickness or vacation was to be deducted, then the defendant could not deduct for such lost time."

4. *Same; same.*—Where, in an action by an employé against an employer, to recover an amount alleged to be due plaintiff under a contract of employment, the only question is as to whether the plaintiff is entitled to compensation for the time during the term of the contract she was absent from the services of the defendant, and the evidence tends to show that the absence was by the desire and consent of both parties, a charge is both abstract and invasive of the province of the jury, which instructs them that if "the plaintiff served the defendant or was ready to serve for the entire year [the term of the contract], then the plaintiff would be entitled to recover, unless the defendant has paid her."

5. *Same; same.*—Where in such an action, upon evidence introduced,

[Wilson v. Smith.]

the only question is whether the defendant could recoup for the time lost, and under all the evidence the contract of employment was an entirety, and for one year ac the stipulated salary, a charge is errone-ous which instructs the jury that if they did not find that the "plaintiff made a contract with the defendant, by which the plaintiff was to perform a year's services for the defendant, before the de-fendant was required to pay her anything, then the jury will find that there was not an entire contract, and if the jury so find they will find the issues in favor of the defendant."

6    *What necessary to authorize judgment; correspondence of allegation and proof.*—To justify a recovery in a civil action, it is not necessary that there should be an exact correspondence between the allegations of the complaint and the proof; it is sufficient if the one substantially corresponds with the other.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by the appellee against the appellant. The complaint contains two counts. The first claims $144.13, for work and labor done by plaintiff for defendant during the year 1893. The second claims $144.13, as balance due upon a contract for work and labor done by plaintiff for defendant during the year 1893, with interest thereon from January 1, 1894, wherein plaintiff agreed to work for defendant one year and did work for defendant one year according to the terms of said contract, and defendant agreed to pay plaintiff for said year's work $1,000, which balance is still due. The complaint was afterwards amended by claiming $15 for fare which the plaintiff alleged the de-fendant agreed to pay and did not pay.

The defendant pleaded: 1. The general issue; 2. Payment; 3. That plaintiff did not perform the services for the defendant alleged in the complaint. Issue was joined on these pleas.

The bill of exceptions shows that the plaintiff testified that in December, 1892, she entered into a contract with the defendant to superintend his dress-making depart-ment for the year 1893 for a salary of $1,000. The de-fendant was also to allow her two vacations during the year, and pay her car fare one way on each vacation; that there were to be no deductions for absence; that at the end of each month the defendant charged her with the goods she had purchased during the month, and paid balance due her in cash; that she took one vaca-

tion about March 1, the defendant suggesting that she go at that time; that she was gone eight or nine days; that one of defendant's clerks paid her $15 for car fare one way; that she left on her second vacation about August 1; that at that time the defendant paid her in full, making no deductions for her absence in March; that, in fact, she was indebted to the defendant $10 for goods, and asked that this amount remain over until she returned, to which defendant assented; that defendant was indebted to her in the sum of $144.13, which was the salary for the time she was absent on her August vacation and car fare one way; that she returned about September 15, when requested to return by the defendant; that she was absent one day in May, and that defendant paid her only $80.13 for that month, making a deduction for the day she was absent; that she complained of this deduction and the defendant said unless he made a deduction for her absence the clerks down stairs would complain; that after the year expired she and defendant were unable to make a settlement, the defendant insisting on deducting from her salary for the time she was absent in August and September, and declining to pay her car fare; that he offered to pay her $10 and to give her the use of certain rooms, if she would accept it in full settlement, which she declined; that she did not demand from the defendant payment of any salary for the time she was absent in August and September or car fare until after the expiration of the year.

The defendant testified that he agreed to pay plaintiff $1,000 for the year 1893, provided she worked every working day in the year; that he did not agree to pay her while she was away on vacations or to pay car fare; that the contract was to pay $1,000 for a full year's service; that plaintiff had informed him that she would want to go to Louisville, Ky., in the early spring, and he agreed that she might go for one week, and in consideration of the benefit to his business resulting from plaintiff visiting the dress-making establishments in Louisville, and getting information as to styles, &c., he would pay her car fare one way on that trip; that this was not a vacation but a business trip, and he paid her salary for that time.

Defendant offered to show that the custom of his busi-

ness was to make deductions from salary of all employés for the time they were absent, and that this custom was known to the plaintiff. The plaintiff objected to this testimony; the court sustained the objection, and the defendant excepted.

The defendant also testified that about May, 1893, he told the plaintiff that her work was not satisfactory; that she must take a vacation and be careful about her eating and drinking and get in condition to perform her duties; that she replied that she was not able to take a vacation and get in better condition, or give up her place entirely, and she then agreed to take a vacation later on. The defendant offered to show by witnesses that the plaintiff's health and condition during the spring and summer of 1893 was such that she could not and did not discharge her duties as required by the contract. The plaintiff objected to this testimony; the court sustained the objection, and the defendant excepted. These two rulings of the trial court upon the evidence constitute the bases of the first and second assignments of error.

The defendant further testified that at the end of each month up to August, 1893, he settled with plaintiff, paying her in full for services up to that date, deducting from her salary for the month of May for one day's absence; that the plaintiff was not in his service and did no work for him while she was away from August 1, to September 15, and that he had paid her in full for the time during which she worked for him under the contract; that the plaintiff complained to him about the deduction for the day's absence in May, and he told her it was in accordance with the contract; that for the time she was absent in August and September no credit was given her on the defendant's books, but for the time that she worked in September she was credited with $41.67, and at the end of that month he settled with her at those figures.

The court, *ex mero motu*, charged the jury: (1.) "Her service the entire year does not require her to actually work or be in the store every day, if her absence is by his consent. For instance, we employ the President of the United States at an annual salary of $50,000, but we can't dock him every day he goes fishing with Mr. Benedict; we can't do it unless we had a contract

with him by which we could do it." (2.) "If it was a contract for the year and there was no agreement by which her (plaintiff's) lost time for sickness or vacation was to be deducted, then the defendant could not deduct for such lost time." (3.) "If the contract was for the entire year, as I have explained to you, and she (plaintiff) served him (defendant) or was ready to serve for the entire year, then the plaintiff would be entitled to recover unless the defendant has paid her." To the giving of each of these instructions the defendant separately excepted.

The defendant requested the following charges in writing, and excepted separately and severally to the court's refusal to give them: (1.) "If the jury believe the evidence, they will find the issues in favor of the defendant under the first count." (2.) "If the jury believe the evidence, they will find the issues in favor of the defendant under the second count." (3.) "If the jury do not find from the evidence that the plaintiff made a contract with the defendant by which the plaintiff was to perform a year's service for defendant before the defendant was required to pay her anything, then the jury will find that there was not an entire contract, and if the jury so finds they will find the issues in favor of the defendant." (4.) "The plaintiff in setting up the contract as testified to by her, assumes the burden of establishing, by a preponderance of proof, the contract in the exact terms as claimed or set up by her, and the court charges the jury that if the evidence in this cause with reference to the terms of the contract relied on is equally balanced, leaving the mind of the jury in a state of doubt or uncertainty, then the plaintiff must fail for want of proof."

There were verdict and judgment for the plaintiff for $139.27. The defendant appeals, and assigns as error the several rulings othe trial court to which exceptions were reserved.

CALDWELL, JOHNSTON & ACKER, for appellant.. The court erred in refusing to allow the defendant to introduce evidence as to its being his custom to make reductions from the salary of his employés for the time they were absent.—*M. & C. R. R. Co. v. Graham*, 94 Ala. 554; *M. & E. R. R. Co. v. Kolb*, 73 Ala. 401; *Newhall v. Ap-*

[Wilson v. Smith.]

*pleton*, 114 N. Y. 140 ; *Fulton Ins. Co. v. Milner*, 23 Ala. 420 ; *Barlow v. Lambert*, 23 Ala. 704; *Stoudenmire v. Harper*, 81 Ala. 242 ; 2 Greenl. Ev., § 251.

There was error in the charges given by the court, *ex mero motu*, 14 Amer. & Eng. Encyc. of Law, 763, 795 ; Wood's Master & Servant, 185, § 93 ; *Vaughan v. Williamson*, 78 Ala. 196 : *Morris Min. Co. v. Knox*, 96 Ala. 322.

The charges refused to the defendant should have been given.—3 Brick. Dig. 109, §§ 41–42 ; *Morris Min. Co. v. Knox*, 96 Ala. 322.

D. D. McLEOD, *contra.*

HEAD, J.—The first and second assignments of error cannot be sustained. Whilst there is conflict in the evidence of the terms of the contract, there is no ambiguity in them from the standpoint of either party, and hence, no room for evidence of custom. There is no claim, nor proof to support such, of damages sustained by the defendant by reason of the plaintiff's ill health. By mutual consent, the entire term of service was settled and paid for, except for August and the first half of September, and one day in May. The sole controversy is whether plaintiff ought to be paid for that time, it being admitted that she was then absent from the business, and rendered the defendant no service. Her position is that she was entitled, by the contract of employment in the first instance, and in the next, by the assent of the defendant at the time she absented herself, to the vacation, without deduction from her salary. The defendant's position is to the contrary. The burden of proof was upon her, for in the absence of such contract or assent, the law entitled the defendant to recoup damages for material lost time.—*Hunter v. Waldron*, 7 Ala. 753 ; *Jones v. Deyer*, 16 Ala. 221 ; 1 Lawson's Rights, R. & P. 458, § 259, and authorities cited ; 1 Suth. Dam. 279, 280; Wood Mas. & Serv. 185, § 93. The evidence was in conflict.

The first proposition of the first charge given *ex mero motu* was correct, but the instruction was rendered injuriously faulty by the qualification which assimilated the case to the supposed employment, by the people, of the President of the United States, and his right to absent himself, for the purpose of fishing, without deduction,

for the time consumed, from his official salary; and the affirmation that a deduction by the employer could not be made unless there was a contract by which he could do it, the practical effect of which was to induce the jury to believe that it was necessary for the defendant to show that he was only entitled to the deduction by virtue of an express contract to that effect.

For the latter reason the second charge given was erroneous.

The third charge given was abstract. The evidence does not make a case of readiness of plaintiff to perform and refusal on the part of defendant to permit it. The evidence tends to show that it was by the desire and consent of both that the vacation was taken. It was so presented, however, that it became a question for the jury whether the vacation and consequent lost time were to be at the expense of the plaintiff or defendant.

Under the first count of the complaint, there might have been a recovery by the plaintiff on the special contract, upon showing that it had been fully performed by her, and that nothing remained for the defendant to do, but to pay the money due. The first charge requested by the defendant was, therefore, properly refused. The same as to the general charge on the second count.

The contract, under all the evidence, was entire, for the year 1893, at a salary of $1,000. The only question is whether defendant may recoup for lost time. The 3d charge requested by defendant was, therefore, properly refused.

An exact correspondence of allegation and proof is not required. It is enough that the one substantially corresponds with the other. The 4th charge requested was too exacting in this respect.

Reversed and remanded.