### GAYNOR v. JONAS.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

MASTER AND SERVANT—WRONGFUL DISCHARGE—TEMPORARY ILLNESS.

Where defendant employed plaintiff for a period of three months as a millinery trimmer, defendant was not justified in discharging plaintiff because of a sickness incapacitating her for a day and a half.

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Carrie Gaynor against Max H. Jonas. From a judgment for plaintiff, defendant appeals. Modified.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Wilber W. Chambers, for appellant.
A. Berton Reed, for respondent.

WILLARD BARTLETT, J. This action was brought to recover damages for the alleged unlawful discharge of the plaintiff from the service of the defendant. The proof was such as to warrant the Municipal Court justice in finding, and we must assume that he found, that a contract was entered into between the plaintiff and defendant whereby the defendant undertook to employ the plaintiff as a millinery trimmer for a period of three months at a compensation of $16 a week; and that after the plaintiff had rendered services under this contract for about a month she was discharged by the defendant by reason of the fact that she had been prevented from work for a day and a half on account of illness. It is contended in behalf of the defendant that the plaintiff gave no notice of her intention to be absent; but the plaintiff testifies, in

substance, that she notified defendant's wife at his place of business on both occasions, being unable to notify the defendant himself because he was not there. It is well settled that where an employé under a contract for the rendition of personal services for a specified period is disabled by sickness from fully performing the contract, he may recover the value of such services as he has actually rendered. Wolfe v. Howes, 20 N. Y. 197, 75 Am. Dec. 388, and cases there cited. Sickness, under such circumstances, is said to be deemed the act of God. Green v. Gilbert; 21 Wis. 395. I do not understand that the appellant disputes this rule of law, but he contends that, while the plaintiff's illness might relieve her from any liability for a failure fully to perform the contract on her part, she cannot recover against the defendant on account of a wrongful dismissal, inasmuch as he had an absolute legal right to dismiss her as soon as she absented herself from his employment, even though her absence was necessarily induced by her illness. Under a contract of this sort I think that the illness which will justify a master in dismissing his servant must be something more than a mere temporary malady of short duration compared with the entire period of service contemplated by the agreement. In other words, it must be a serious sickness, lasting, or likely to last, so long as to interfere substantially with the interests of the employer. "Sickness for a lengthened period—in one case two weeks—releases both parties from the contract. The master is not bound to wait unreasonably for the restoration of his servant's health, and his necessities may well be regarded as the measure of what is reasonable." Wood on Master and Servant (2d Ed.) p. 238; Hubbard v. Belden, 27 Vt. 645. In the case cited the language of Redfield, C. J., who delivered the opinion of the court, contains the clearest implication as to what that distinguished lawyer conceived to be the law on this subject, and that is that under a contract for the rendition of personal services the master may not, under ordinary circumstances, discharge the servant on account of incapacity occasioned by illness, without affording the servant a reasonable time within which to return to his work. The plaintiff appears to have been a farm hand, who had contracted to work for the defendant for six months, but was disabled by an injury which he received after he had worked about four months. After an absence of a week in consequence of this illness, and a declination on the part of the plaintiff to resume work, the defendant employed another person in his stead. "We think it must be regarded as pretty clear," said the court, "that the defendant would be released from any obligation to wait two weeks for his hired man to recover, upon the uncertainty of his then recovering, before he employed other help." This statement assumes that there was an obligation on the part of the master to wait some length of time under such a contract, although what length of time would be reasonable would, of course, depend upon the necessities of the master, as suggested by Mr. Wood in the passage which I have quoted from his treatise. See, also, Turner v. Kouwenhoven, 100 N. Y. 115, 2 N. E. 637.

It is urged in behalf of the appellant that the necessities of his

business in the present case, in the season preceding Easter, when there is an exceptional demand for millinery, were such as to justify him in discharging the plaintiff as summarily as he did; but this was a question of fact for the trial judge, and, in view of the proof as to the manner in which the plaintiff was dismissed—by summoning a policeman to eject her from the defendant's premises —it can hardly be held that the court below was wrong in concluding that the defendant was actuated by some motive other than inconvenience to his business interests.

The proof showed that the plaintiff earned $36 after her dismissal and before the end of the three months for which she was employed. This amount should have been deducted from the $144 damages awarded to her by the trial court. The judgment should be modified by reducing it accordingly, and, as thus modified, affirmed.

Judgment of the Municipal Court modified by deducting the sum of $36 therefrom, and, as thus modified, affirmed, without costs of this appeal to either party. All concur, except HOOKER, J., not voting.