(121 App. Div. 58)

### KEYSAW v. DOTTERWEICH BREWING CO.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

1. MASTER AND SERVANT—WAGES—ACTION FOR—EVIDENCE.

Where, in an action to recover for overtime work of plaintiff while in defendant's employ, the complaint alleged that written contracts were made between defendant and the local union whereof plaintiff was a member fixing the rate of wages, and further alleged that plaintiff entered

defendant's employ, it was competent to show by parol that defendant recognized the fact that plaintiff was working for it under the terms of the contract.

2. SAME—EVIDENCE.

Where, in an action to recover for overtime work of plaintiff while in defendant's employ during a period of two years, it appeared that plaintiff had failed in many instances during the second year's service to work a full day's work, for which he had received a full day's pay, and that the arrangement between the parties as to pay for extra work extended over the entire period of service, it was error to exclude testimony showing what time during the second year plaintiff failed to work the full number of hours, and to refuse to permit the jury to consider such evidence in reduction of plaintiff's claim for overtime work done during the first year.

Appeal from Trial Term, Cattaraugus County.

Action by Paul Keysaw against the Dotterweich Brewing Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

P. S. Collins, for appellant.
M. B. Jewell, for respondent.

KRUSE, J.  The action is brought to recover for overtime work of the plaintiff while in the defendant's employ at divers times during the years 1900 and 1901.  The defendant contends that there was a variance between the proof and the allegations of the complaint respecting the contract.  We think there was no such variance as to make that objection tenable.  It is true that the complaint alleged that written contracts were made between the defendant and the local union of which the plaintiff was a member, fixing the rate of wages at $13 a week for 6 days' work of 10 hours each day, with 25 cents per hour for overtime.  But there is the further allegation that he entered into the employ of the defendant, and it was competent to show by parol that the defendant recognized the fact that the plaintiff was working for it under the terms of this contract; the parties thus adopting the contract made in form with the plaintiff's union.

The defendant further contends that it was competent to show the time for which the plaintiff was overpaid during the second year against the overtime worked by the plaintiff during the first year; and in this we agree with the defendant.  There were two contracts made in form between the defendant and the local union of which the plaintiff was a member, one by its terms taking effect April 16, 1900, to continue in force until May 1, 1901, and the other taking effect May 1, 1901, to remain in effect until May 1, 1902.  The plaintiff claimed and alleged in his complaint that it was agreed that 10 hours should constitute a day's work for his kind of services for both the first and second years; but, upon the production on the trial of the contract for the second year, it appeared that 12 hours constituted a day's work for the class of workmen to which the plaintiff belonged.  The plaintiff admitted upon the trial that, if 12 hours was required to make a day's work, he had failed in many instances during the second year's serv-

ice to work a full day's work, for which he had received a full day's pay, and the trial court thereupon ruled that the plaintiff was not entitled to recover anything for the second year; the plaintiff admitting that he had been paid for all services excepting the overtime. The defendant, however, insisted that the time for which the plaintiff had been overpaid should have been allowed against the time for extra work during the first year's services. The trial court refused to adopt that view, or to submit any question arising out of the second year's services, holding that it was not competent under the defendant's answer, which is a general denial (except defendant's incorporation), and allegations of settlement and payment.

The inference is permissible from the plaintiff's own testimony that the overtime was first to be applied to make up for such time as he had worked less than the required hours to make a day's work. He testified in effect that he kept his time on a slip of paper for the month of May; that he showed it to the superintendent, and told him that he was not getting pay for overtime; that the superintendent told him to keep the overtime, and that when dull times came he would get his pay the same as if he were at work, and if that was not done they would have to pay him the money for it. It is true that this conversation seems to have taken place during the first year's services; but, as has already been pointed out, the contract made between the parties was evidenced, not only by the two writings made between the defendant and the local union, but included what took place between the plaintiff and the defendant in adopting and supplementing the same. We think the jury would have been well warranted in finding that the arrangement regarding the extra work continued during the second year's services, and extended over the entire period of service. Very likely the purpose of this testimony on the part of the plaintiff was to show that there was no waiver upon his part to recover for the extra work, he having been paid from time to time at the rate of $13 a week without making any demand for extra time, or intimating that he was entitled for extra work, save as has been stated; but the effect of the testimony could not be thus limited.

We have reached the conclusion that the trial court erred in excluding the testimony showing what time during the second year the plaintiff failed to work a full day's work of 12 hours, for which he had received a full day's pay, and in refusing to permit the jury to consider such evidence in reduction or extinguishment of the plaintiff's apparent claim for overtime work done during the first year.

The judgment and the order denying the motion for a new trial should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; ROBSON, J., in result only.