BAILEY *v.* SIBLEY QUARRY CO.

1. CONTRACTS—IMPLIED AGREEMENTS—ASSUMPSIT.
   In the absence of an agreement by defendant's employé, who kept its store and acted as postmaster, at a stated salary, defendant would not be entitled to plaintiff's additional salary as a government official, because it obtained for him his commission as postmaster, and furnished light, heat and a place to keep the office.

2. SAME—MASTER AND SERVANT.
   The fact that the employer took the entire proceeds of the post office, remitting the proper amounts to the government, and retaining for nearly five years the commissions to which plaintiff would have been lawfully entitled as postmaster, did not vest the right to the commissions in defendant; because the law will not imply a contract to transfer the emoluments of a public office.

3. SAME—PUBLIC POLICY.
   Such an agreement is against public policy.

Error to Wayne; Rohnert, J. Submitted October 14, 1910. (Docket No. 69.) Decided December 22, 1910. Rehearing denied September 29, 1911.

Assumpsit by James Bailey against the Sibley Quarry Company, a corporation, for money had and received. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*James H. Pound*, for appellant.

*Chas. K. Latham*, for appellee.

BIRD, C. J. This is an action of assumpsit in which plaintiff seeks to recover certain moneys which he had earned as postmaster at Sibley, Mich. At the conclusion of plaintiff's proofs, the trial court was of the opinion that plaintiff had not made out a case, and therefore directed a

166 MICH.—21.

verdict for defendant. Plaintiff brings the case to this court by writ of error.

The defendant operates a stone quarry at Sibley. The population of the village is made up almost wholly of the employés of defendant and their families. The defendant opened a store at Sibley on January 1, 1903, for the sale of general merchandise, and employed plaintiff to manage it at a salary of $1,000 a year. Plaintiff continued in its employ until April 30, 1909. Soon after plaintiff commenced work, one of the officers of the defendant company secured his appointment as postmaster. He qualified, filed his bond, took charge of the office, and continued to hold it until July 31, 1909. He kept the post office in the store. The office did not require a regular attendant. It was looked after by him and his clerks, and in busy times by his wife and son. Plaintiff's salary was made up of commissions on the amount of business done. Each day the proceeds of the day's business of the store and post office were turned over to the cashier of the defendant, and deposited in its vault, in its office across the highway from the store. At stated intervals the commissions were deducted from the proceeds of the office, and the balance, with the quarterly or monthly report, was forwarded to the government. The commissions remained with the defendant. Plaintiff paid his own salary as general manager, and also the salaries of his employés. He had the authority to retain his commissions, but did not do so until after he ceased to be general manager of the store. Matters went on in this way until April 30, 1909, when, at the suggestion of defendant, plaintiff retired from the management of the store. Plaintiff then brought this suit to recover his commissions, amounting to $1,683.50.

Defendant offered no testimony, but claims that plaintiff was employed by the defendant for $1,000 a year; that the company was entitled to his whole time; that the company secured his appointment, and furnished him a place in which to keep the post office; and that plaintiff

made no claim to the commissions while in its employ, and that whatever income was received from the post office belonged to the defendant.

The defendant's inquiry upon what theory plaintiff can claim the commissions leads us to the inquiry upon what theory defendant can claim them. The plaintiff, and not the defendant, was postmaster. The commissions belonged to the postmaster. How, and when, and by what right, did defendant become entitled to them ? Defendant claims to have been influential in securing the plaintiff's appointment; that it furnished a place in which to keep the office, and provided light, heat, and occasional help; but, conceding it did all these, it would not thereby be entitled to the official salary of one of its employés because he was in its employ, if there were no agreement to that effect. The plaintiff may or may not be indebted to defendant for rent, heat, and light, but, if he were, that would not entitle it to retain plaintiff's salary as postmaster.

Plaintiff's right to the commissions is questioned because he did not claim them as they accrued. He did claim them when he began this suit, and the record does not show that defendant ever claimed them before that time. The record also shows that, soon after the plaintiff was appointed, the defendant, through its secretary, Mr. Austin. Church, disclaimed any right to the commissions, and informed plaintiff they belonged to him. The fact that the plaintiff neglected to claim or withdraw these commissions for four or five years, which were in the vaults of the defendant, would not thereby vest the title to them in the defendant, because the law will not imply a contract with reference to the emoluments of a public office. Such an agreement, if proven, would be against public policy and void. Mechem on Public Offices and Public Officers, § 370, and cases cited. The plaintiff by his case established his right to recover the commissions, and we think as the record stood at the close of the testimony the plaintiff was entitled to a directed verdict.

We have examined the other assignments of error, and find that they are not well taken.

The case is reversed, with costs, and a new trial ordered.

OSTRANDER, BROOKE, BLAIR, and STONE, JJ., concurred.