GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORA-
TION, Respondent, vs. INDUSTRIAL COMMISSION, Appel-
lant: POCIAN and others, Defendants.

*March 6—June 2, 1936.*

For the defendant-appellant Industrial Commission there
was a brief by the *Attorney General* and *Mortimer Levitan,*
assistant attorney general, and oral argument by *Mr. Levitan.*

*E. J. Herte* of Milwaukee, for the defendant Mike Pocian.

For the defendant Wisconsin Compensation Rating & In-
spection Bureau there was a brief by *Otjen & Otjen* of Mil-
waukee, and oral argument by *C. J. Otjen.*

For the respondent there was a brief by *Rouiller, Dougherty, Arnold & Kivett,* and oral argument by *M. H. Keelan,* all of Milwaukee.

The following opinion was filed March 31, 1936:

FOWLER, J. Mike Pocian was awarded compensation by the Industrial Commission against his employer A. E. Martin Foundry & Machine Company and its insurer, General Accident Fire & Life Assurance Corporation. The latter was adjudged liable on the ground that it was the insurer of the employer in January, 1933, which time the commission fixed as the date of the injury. Pocian worked for the defendant Foundry Company in their foundry from 1917 to 1933, and during the entire period was exposed to silica dust. As a result he contracted silicosis and was disabled thereby permanently to the extent of thirty per cent. The parties agreed that such disability has existed since July 14, 1933. The sole question involved is when the disability should be held to have occurred. The last insurance carrier, prior to July 13, 1933, was the General Accident Fire & Life Assurance Corporation, but its policy expired on June 19th. Pocian was paid by the month, and no wage deductions were made for such time as he lost. He lost time in January, 1933, and this was found by the commission to have resulted from silicosis. On July 6th, he was examined at the request of the Employers Mutual Liability Insurance Company, who was about to become the insurance carrier. He was then found to be suffering from silicosis, and was discharged on receipt of the examining physician's report on July 13th.

It is contended by the respondent that the commission's finding respecting Pocian's loss of time in January is not supported by the evidence, but we are satisfied that the finding must stand. The commission considered this as the first time at which the employee's loss of time could be attributed

to silicosis, and fixed this as the date of his injury. It also considered that although the time of loss of wage is the date of injury in occupational disease cases, and the employee suffered no actual wage loss at the time because there was no deduction of wages, this circumstance should not prevent his recovery.

The General Accident Fire & Life Assurance Corporation contended, and the circuit court held, that it is not responsible because the legislature by ch. 314, Laws of 1933 (sec. 102.01 (2), Stats.), fixes the date of injury in cases of occupational disease as "the last day of work for the last employer whose employment caused disability," and the last day that Pocian worked was July 13th, some time after the expiration of its insurance policy. The case is ruled upon this point by the decision in the case of this plaintiff against the Industrial Commission, George Protivi, et al. (*ante,* p. 540, 266 N. W. 224), unless the fact that Pocian was paid by the month, and no deduction was made for his loss of time, distinguishes it from the case of Protivi, who was paid by the day, and received no wages for the days he did not work. That Pocian suffered no actual wage loss resulted from the generosity of the employer. He was not legally entitled to wages for lost time. *Raipe v. Gorrell,* 105 Wis. 636, 81 N. W. 1009; 39 C. J. p. 147, § 196, and cases cited to note 9. That the employer made a gift to him of the amount of wages legally lost did not obviate the effects of that loss as far as his compensation for permanent disability through silicosis is concerned. The situation is like that where an employee is injured through the negligence of a third person and sues the third person for his damages, including damages for loss of time. That the employer had paid the wages during the period of recovery does not prevent the employee from recovering the wages given him by his employer. Sutherland, Damages (4th ed.), § 158. Recovery cannot, of course, be had for the amount of the wages paid by the employer for the

lost time, but the recovery herein was limited to compensation for the permanent disability found.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment confirming the award of the Industrial Commission.

A motion for a rehearing was denied, with $25 costs, on June 2, 1936.