IRVING E. CLARK, Respondent, *v.* IRONDEQUOIT COAL & SUPPLY COMPANY, INC., Appellant.

Fourth Department, May 10, 1939.

*Sidney K. Backus*, for the appellant.

*Glenn L. Buck*, for the respondent.

CROSBY, J. This action is one for wages claimed by plaintiff to have been earned under and pursuant to a written contract by

the terms of which plaintiff agreed to work for defendant, as sales manager, for a period beginning March 15, 1937, and ending September 30, 1941, at a salary of fifty dollars a week plus certain percentages of sales. The provision of the contract that is important to the question involved in this appeal reads as follows:

" *Third.* Party of the second part, [plaintiff] in undertaking said employment, agrees that he will perform the services required of him, as such manager, to the best of his ability, and that he will devote all his working time, labor and skill to the business of party of the first part."

Plaintiff brought suit in the City Court, Civil Branch, Rochester, for four weeks' wages claimed to have been earned and not paid pursuant to said contract, and alleged full performance thereunder. In addition to a general denial defendant pleaded payment of all wages that plaintiff had earned. The trial court gave plaintiff judgment for the full amount claimed. The County Court affirmed the judgment.

It is undisputed that plaintiff was drawn for jury duty and served during the greater part of two weeks, and earned and received thirty-two dollars for such service. It is also undisputed that plaintiff was ill for a period of about ten days during which time his service for defendant was, to some extent, interrupted. Defendant has never claimed that these interruptions in plaintiff's service were sufficient to constitute a breach, by plaintiff, of his contract. Defendant's claim is that it has the right to deduct from plaintiff's wages the amount he earned for jury service, and the *pro rata* amount of his wages during the period of his illness.

The authorities are not altogether in harmony on the question whether or not an employer may deduct from his employee's wages the *pro rata* amount thereof during periods when the service is interrupted by an act of government, or by illness of the employee, or by other circumstance not the fault of either party. The question has sometimes arisen under a claim, by the employer, of the right to deduct, not the *pro rata* amount of wages during the period of non-service, but the amount which the employee received, for instance, as witness fees. (See *Wolfe* v. *Howes,* 20 N. Y. 197; *Melville* v. *DeWolfe,* 119 Eng. Rep. 313; *Raipe* v *Gorrell,* 105 Wis. 636; 81 N. W. 1009; *MacIntyre* v. *McLeod,* 27 N. Bruns. 199; *Wilson* v. *Smith,* 111 Ala. 170; 20 So. 134; *Keysaw* v. *Dotterweich Brewing Co.,* 121 App. Div. 58; *Seaburn* v. *Zachmann,* 99 id. 218; *Bailey* v. *Sibley Quarry Co.,* 166 Misc. 321; 129 N. W. 17; *Barlow* v. *Taylor Mining Co.,* 29 Ore. 132; 44 P. 492.)

None of the foregoing authorities is exactly in point on the question here presented.

In Williston on Contracts ([Rev. ed.] vol. 3, p. 2359, and in vol. 6, p. 5441) it is stated, in substance, that the rule is that, where an employee's service to his employer is interrupted by illness, the employer is obligated to pay the employee's wages until such time as the employer is justified in treating the contract of employment as breached by the employee, and elects to terminate it.

No attempt is made to distinguish or reconcile, or even to analyze the authorities herein cited because, upon this record, we feel compelled to affirm the judgment herein, for the reason that the authorities examined quite generally hold that: " A surrender of [the] right [to deduct wages for short periods of lost time] is to be inferred readily." (*Raipe* v. *Gorrell*, 105 Wis. 636; 81 N. W. 1009. See, also, 39 C. J. p. 168, § 229, and cases there cited.)

And there is testimony by the plaintiff, which the trier of the facts might well have believed, that, during the period when he was serving on the jury, as well as during the period when he was ill, the defendant paid his wages without raising any question of his right to the same until some considerable time thereafter. An officer of defendant disputed this testimony, and testified that defendant sought to deduct from plaintiff's wages the amount he received for jury service (not the *pro rata* amount of his wages while performing jury service) immediately the jury service was completed, and that defendant was deterred only by lack of information, at that time, of the amount which plaintiff had received for jury service.

But plaintiff's testimony is entirely undisputed that during the periods both of his jury service and of his illness, he did his work for defendant much the same as usual using the telephone and other means at his command. Plaintiff testified that particularly during the time he was serving on the jury he did much work, mornings before ten o'clock and afternoons, after adjournment of court.

In view of this testimony, and in the absence of any claim by defendant that plaintiff's absence from service was sufficiently serious to constitute a breach of contract by him, we feel that plaintiff's judgment can rest on a finding that defendant waived any claim it may have had to deduct anything from plaintiff's wages.

The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment affirmed, with costs.