SAMUEL C. FISCHHOFF, Plaintiff, v. ADELS-LOEB, INC., Defendant.

City Court of Albany, December 15, 1947.

*Joseph H. Einhorn* for plaintiff.

*Maurice Freedman* for defendant.

HERZOG, J. This is a motion for summary judgment under rule 113 of the Rules of Civil Practice. On March 30, 1944, the plaintiff and defendant entered into a written agreement whereby the defendant employed the plaintiff as a duly qualified optometrist in personal attendance at the optical department in defendant's store in Albany, New York. The contract provided that it should run from April 1, 1944, to March 31, 1945. The agreed salary was $125 per week and, in addition thereto, 25% of the net profits of the department for the year. There are no provisions regarding vacations or sick leave in the con-

tract. From January 31, 1945, until February 7, 1945, the plaintiff was home because of illness. The defendant refused to pay Mr. Fischhoff for the period of time during which he was absent because of this illness but formally tendered him two weeks' salary, less the period of illness and less social security and income tax deductions.

Plaintiff brought this action for salary due him for the eight days he was ill. Defendant then moved for a summary judgment, and the facts, as outlined above, appear to be in no dispute. The question is, therefore, squarely presented whether an employee, hired for a year, can recover his salary for the period of time during which he is sick, in the absence of any provision in the contract. One would think that this question would have been authoritatively determined in this State. However, research of both court and counsel reveal few decisions on this point, many of which are distinguishable. Both parties rely on *Clark* v. *Irondequoit Coal & Supply Co.* (257 App. Div. 63). Although this proposition was argued at some length in the briefs of counsel and also discussed in the opinion, the court specifically held that no attempt was made to decide it and refused to distinguish or reconcile the authorities cited (p. 65). Thus it cannot be considered as an authority on either side.

An analysis of the decisions in New York on this question reveal that *Wolfe* v. *Howes* (20 N. Y., 197) is the case most cited. In that action however, the plaintiff *only sued for the work he had actually done,* but the court said, at page 202: "* * * yet that where performance is prevented or rendered impossible by the sickness or death of the party, a recovery may be had for the labor actually done."

*Clark* v. *Gilbert* (26 N. Y. 279) is to the same effect but is principally on the method of computation of damages. *Gaynor* v. *Jonas* (104 App. Div. 35) is a question of wrongful discharge after a sickness of one and one-half days and can hardly be considered an authority. *McGarrigle* v. *McCosker* (83 App. Div. 184) simply held that termination of a contract after two to three weeks' sickness is permissible. *Shaw* v. *Ward* (170 N. Y. S. 36) is not directly in point, for the plaintiff, a singer, was out of work for a period of time but did sing at other places. The court said (p. 38) : "I know of no authority for awarding to a servant compensation for work not done. It may be that, in a contract for services covering a considerable period of time, limited and unimportant absence for unavoidable

cause may not be treated as a breach of the contract as a whole; but where the breach is manifestly serious, and, as in the case at bar, goes to the very root of the entire contract, it is quite clear that the employer must be at liberty to treat the contract as terminated.''

*Hart* v. *Myers* (59 Hun 420) held where plaintiff failed to perform duties for two months due to illness, defendant could recover the amount paid another to do plaintiff's work. *Fahy* v. *North* (19 Barb. 341) seems to be more closely in point, although the opinion does not state what the plaintiff actually sued for. The court said, at page 342: '' But it is equally clear that if the full performance of the stipulated labor is prevented by the sickness of the party employed to perform the service, or by any similar inability, and which does not imply or involve his own fault, he may recover payment for what he has done, on a *quantum meruit.*'' (See, also, *Sabl* v. *Laenderbank Wien Aktiengesellschaft,* 30 N. Y. S. 2d, 608, 620.) These seem to be the leading cases in New York. Although none of them appear to be directly in point, the majority use language which suggests that in the absence of a contract, the employee can only recover for the period of time during which he actually works and not during periods of illness. The main question considered in most of these cases was whether the recovery for the time worked should be on a *quantum meruit* basis or at the rate fixed in the contract.

There is some difference of opinion in other jurisdictions. The leading common-law case is *Cuckson* v. *Stones* (1 El. & El. 248; 120 Eng. Rep. 902). In this English case, the employee had a ten-year contract and was out sick for about six months. He did return to service and the court held that he was entitled to pay during the time he was sick, saying (p. 257) : '' Instead of being dismissed, he returned to the service of the defendant when his health was restored, and the defendant employed him and paid him as before. At the trial, the defendant's counsel admitted that the contract was not rescinded. The contract being in force, we think that here there was no suspension of the weekly payments by reason of the plaintiff's illness and inability to work.''

*Mott* v. *Baxter* (13 Col. App. 63) is often cited as holding that an employee may recover while he is sick. However, it should be noted that this decision rested upon the fact that the court found that it was customary for clerical employees to be paid while sick, and said, at page 66: '' Such is not the usual

custom with reference to clerical employees, and in the absence of a specific denial on this ground we may not infer that there ought to have been a deduction in the recovery for the lost time." (See, also, *Reiter* v. *Standard Scale & Supply Co.*, 141 Ill. App. 427, affd. 237 Ill. 374.) *Dartmouth Ferry Comm.* v. *Marks* (36 Nov. Sc. 158, 172) is often cited as holding the same way, but this case appears to have been reversed in 34 Canada Supreme Court Reports 366.

On the other hand, there is a long line of cases in other jurisdictions holding that the employee cannot recover for the time he was sick. (*Flournoy* v. *United Mfg. Co.*, 199 S. W. 723 [Mo.].) Quoting, with approval, *Hughes* v. *Toledo Scale & Cash Register Co.* (112 Mo. App. 91) where the court said, at page 101: " plaintiff is not entitled to recover wages for the time he was sick and unable to fulfill his contract, had he been called upon to do so, and his instruction on the measure of damages is erroneous, in that it does not direct the jury to disallow wages for the time plaintiff was unable to work."

*Hargrave* v. *Conroy* (19 N. J. Eq. 281) where the court said at page 285: " His services were what the defendant bargained for. If accident, sickness, or death, had prevented his performing his engagement at all, he would have been entitled to no pay. Where part has been performed, and the performance of the residue prevented without the fault of either party, he is entitled to pay in proportion, at the rate agreed upon for the whole."

In *MacFarlane* v. *Allan-Pfeiffer Chemical Co.* (59 Wash. 154) the court said, at page 155: " The same reasoning which protects the servant in permitting him to recover for services actually performed, protects the master in not holding him liable except for services actually performed; and the servant cannot recover for time lost through his own illness or other inability to perform the required service." To the same effect see, also: *Raipe* v. *Gorrell* (105 Wis. 636), *Orpin* v. *Westmacott Gas Furnace Co.* (74 A. 481 [R. I.]), *Barlow* v. *Taylor Mining Co.* (29 Ore. 132) and *Wilson* v. *Smith* (111 Ala. 170).

It is thus apparent that the great majority of cases in other jurisdictions of the United States hold specifically that a servant cannot recover wages while he is sick, in the absence of an agreement permitting him to do so. It is interesting to note that the text writers seem to disregard these authorities and follow the English case and generally agree that a servant can recover while he is sick. Labatt on Master and Servant (2d ed., Vol. 2, § 521, pp. 1497–1500) says:

" b. *Servant's Rights in respect of the period during which he was disabled* — In some of the older English text-books and decisions, it is laid down that if the servant falls sick, or is otherwise disabled by the act of God, the master must not abate any part of his wages for the time during which he was incapacitated. But the later authorities show that this doctrine is subject to some limitations, the precise extent of which has not yet been determined with precision.

" (1) One limitation is obviously necessitated by the rule which empowers the master to rescind the contract, in some instances, on account of servant's disability, even when it is merely temporary. See § 220b, *ante.* A statement which takes due account of that rule will assume something like this form: A servant temporarily prevented by sickness or injury from discharging his duties is entitled to recover his wages for the period during which his disability continued, unless his physical condition was such as to justify the master in dismissing or suspending him and he was, as a matter of fact, dismissed or suspended.  *  *  *

" (2) A second limitation is that which is admitted in some cases which proceeded upon the ground that employees hired by the week or any shorter time are not entitled to compensation for periods during which they are disabled.  *  *  *

" (3) Another limitation is indicated by a decision to the effect that, if the servant's disability is so prolonged that his master's interests will suffer unless someone is hired to perform his duties the master may engage a substitute, and deduct the sum required for his remuneration from the wages of the disabled servant.

" In view of the uncertain effect of the authorities regarding the extent of the obligation of the master to pay remuneration in respect of periods of disability, in cases where the obligatory term of the contract is short, the practical conclusion to be drawn is that a master who finds that a servant is disabled by a sickness or injury so serious that it is likely to continue for a considerable period ought, if he desires to secure himself from liability, to exercise the right of dismissal, which under such circumstances he undoubtedly possesses."

I have quoted this at some length because I think the language is particularly apt. See, also, the note at 28 Lawyers Reports Annotated (N.S.) 315 which appears to be written by the same author. Williston, in his Revised Edition on Contracts (Vol. 6, § 1942), seems to take the same view and says: " Until he mani-

fests his election to terminate the contract, it seems that it continues in force and that, even though the illness should afterwards prove of long duration, or should terminate fatally, the employer is bound to perform the contract on his part until he has manifested his election to terminate it, or the employee's death, or perhaps a condition of health rendering any future performance clearly impossible, has made it evident that the employer can derive no further benefit from the contract. The right of the employee to full compensation during a period of illness would not be admitted everywhere in the United States. On principles of recoupment, or without much discussion of principle, some, perhaps many, courts would hold suitable deduction must be made."

However, Corpus Juris (Vol. 39, Master and Servant, § 225) says: "Ordinarily damages or deductions are allowed for the unperformed part of a contract of service where the employee dies within the term, or for the time which he loses during his sickness or other disability; unless it is the result * * *. The common-law rule in England and in some of the states, to the contrary, is that in the absence of agreement making other provision, no deductions are to be made where the employee's disability is of short duration, deductions being allowed where the sickness is so serious as to amount to a permanent disability terminating the contract."

It is thus apparent that there is a wide divergence of opinion between the text writers and many of the decisions. It would appear that the writers are endeavoring to make the rule conform to the general practice in most communities particularly now with the enactment of various social laws providing for payment during periods of illness. In addition they recognize the universally accepted rule that absence for a short period due to illness is not a breach of contract and, therefore, say it should not penalize the employee. However, the majority of authorities in other jurisdictions hold that the servant cannot recover for wages while he is sick, and the language in the New York decisions would seem to sustain such a holding. In my opinion, the *Mott* case (13 Col. App. 63, *supra*) takes the most logical viewpoint of the whole matter, when the court held that custom seemed to dictate the payment of wages during periods of illness. This seems to me to be the correct solution, particularly in a community such as Albany, where there are so many State workers who are allowed sick leave. However, in view of the overwhelming number of authorities in other jurisdictions and the language in the dicta in New York cases, I am reluctantly

forced to the conclusion that an employee is not entitled to compensation for the period of time during which he is ill, in the absence of an agreement to that effect.

However, all authorities in every jurisdiction recognize that a waiver of this right, on the part of the employer, will be readily inferred. It actually appears that these cases have stretched the rule rather than modified it, in order to find a waiver present in almost every case. In the present case, the employer did previously pay the plaintiff for one day that he was sick and for another half day, when his wife was ill, during the term of the contract. I think, therefore, that it might be said that the employer had waived his right and the employee could recover compensation for the period for which this suit is brought. This, together with the fact that defendant permitted the plaintiff to return to work and finish out the contract, thereby evidencing that his absence was not sufficient to constitute a breach of contract, raises a question of fact that should be determined by a jury. The motion is, therefore, denied.