(43 Misc. Rep. 151.)

### EICHENAUER v. RENTZ CANDY CO.

(Supreme Court, Trial Term, Kings County.  March, 1904.)

1. PAROL EVIDENCE—CONTRACT OF EMPLOYMENT—TERM.

Parol evidence is inadmissible to show that the term agreed upon by the parties to a written contract of employment at a fixed price per week, but not expressly mentioning any term, was for one year.

Action by Frederick Eichenauer against the Rentz Candy Company to recover damages for breach of a contract of employment. Motion by plaintiff on the minutes for a new trial. Motion denied.

The contract referred to in the opinion, was as follows:

"Jan. 20, 1902.

"Agreement between F. Eichenauer and the Rentz Candy Co. The Rentz Candy Co. of the first part will pay F. Eichenauer of the second part Fifteen Dollars ($15.00) per week for his services. He is to devote all of his time to their best interest and the Rentz Candy Company hereby agree to pay the said F. Eichenauer Fifteen Dollars ($15.00) per week and should the business at 318 West 42" Street be more in volume than Five Hundred Dollars ($500) per week the parties of the first part will pay the party of the second part 3% commission on all business above Five Hundred (500) up to One Thousand Dollars (1000) per week."

Jacob Marx, for plaintiff.
John T. Norton, for defendant.

GAYNOR, J.　The plaintiff wanted to give in evidence the conversation which was had at the time the contract was made and reduced to writing, in order to show that the term of one year was agreed upon. The objection of the defendant that this would vary the terms of the written agreement was sustained and the complaint dismissed. The written agreement is not ambiguous in meaning in respect of the term; on the contrary, an employment at so much a week has a settled legal meaning. Oral evidence cannot be received to change the contract by the week expressed in the writing to one for a year. It is only where the written contract does not express the particular thing at all, or anything inconsistent with it, or expresses it ambiguously, that oral evidence of it is admissible, and not always then. Wilson v. Deen, 74 N. Y. 531. The language of the opinion in Chapin v. Dobson, 78 N. Y. 79, 34 Am. Rep. 512, is very large, and will continue to need to be limited and distinguished. Eighmie v. Taylor, 98 N. Y. 294.

The motion is denied.