SIMS v. FARSON et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

1. SALES (§ 90*)—WRITING—PRIOR NEGOTIATIONS—MERGER.
　　Where, in a suit on a contract for the sale of bonds, it was admitted that the contract was made by certain letters, all prior negotiations were merged therein.
　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 253; Dec. Dig. § 90.*]

2. PLEADING (§ 36*)—ADMISSIONS—ISSUES AND PROOF.
　　Where the pleadings admitted that a contract was duly made, evidence that the persons making it had no authority to do so was inadmissible.
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. § 36.*]

3. EVIDENCE (§ 450*)—WRITTEN CONTRACT—PAROL EVIDENCE—AMBIGUITY.
　　Where a contract for the sale of bonds recited that if they did not fulfill all requirements defendants would agree to repurchase them at the selling price, such provision was not ambiguous so as to justify the admission of parol testimony to show that it was only intended that defendant should repurchase the bonds at the selling price if within a reasonable time they failed to meet the requirements of the contract of sale.
　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082, 2084; Dec. Dig. § 450.*]

4. EVIDENCE (§ 442*)—WRITTEN CONTRACT—PAROL PROOF.
　　The rule that parol evidence of prior negotiations is admissible to explain a memorandum of a parol contract within the statute of frauds does not apply where the writing constitutes the contract itself and is not merely confirmatory of a completed parol agreement.
　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1897; Dec. Dig. § 442.*]

　　Smith, P. J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, St. Lawrence County.

Action by George E. Sims against William Farson and another. From a judgment in favor of plaintiff on a trial before the court without a jury, defendants appeal. Affirmed.

See, also, 157 App. Div. 38, 141 N. Y. Supp. 673.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-ARD, and WOODWARD, JJ.

Hawkins, Delafield & Longfellow, of New York City (Philip K. Wolcott, of New York City, of counsel), for appellants.

William E. Sims, of New York City (Lawrence Russell, of Canton, of counsel), for respondent.

LYON, J.   The appellants were the owners of certain municipal water bonds, issued by the county of Logan, state of Colorado (North Sterling Irrigation District), the coupons of which were payable semi-annually at the office of the treasurer of said county, or at the office of the appellants in the city of New York.

Prior to December 8, 1909, the respondent, who resided in the county of St. Lawrence, N. Y., had received from the appellants circulars and maps relating to investment in said bonds, had communicated with appellants by mail and telephone, and had written to persons to whom he had been referred by appellants, regarding said bonds.

On December 9, 1909, the respondent received from the appellants the following letter:

"New York, December 8, 1909.

"G. E. Sims, Esq., Canton, New York—Dear Sir: Referring to our conversation over the telephone, we do not wish to appear as forcing the county of Logan, Colo., Municipal Water 6's (North Sterling Irrigation District) upon you, but only wanted to see how matters stood at the present time. We will be willing to sell you these bonds for delivery January 1st, if necessary, and will agree to repurchase them at the selling price, if they do not fulfill all requirements. As advised you, we carefully look into all these securities before purchasing them outright and for that reason can thoroughly recommend all the bonds which we offer. Trusting we may hear from you favorably, and with our best respects, we are

"Yours very truly,                                    Farson, Son & Co."

On December 11th the respondent received from the appellants the following letter:

"New York, December 10, 1909.

"G. E. Sims, Esq., % Sims' Department Store, Canton, N. Y.—Dear Sir: In reply to your favor of the 9th, in regard to the construction work in the Logan County district, would say that we expect this work to be all finished by July 1, 1910, if not sooner. There will be some water in the reservoir this fall and there will be some water on the ground next spring. This district sold enough bonds to make these improvements and cover the bond interest for two years in order to give the settlers a chance to get started with their crops. You understand that, if this work had been completed and the district in operation for a number of years, these bonds would be selling at a very much higher price. The bonds of the Montezuma Valley, a similar district in Southwestern Colorado, which we recently brought out around par, are now selling on a 5 per cent. basis. The contractor in the Logan County district is under very heavy bond for the successful completion of the work and we can assure you that, before purchasing the bonds ourselves, we went into

the matter very carefully and can thoroughly recommend them. We should be pleased to hold $2,000 of these bonds for you until we hear from you, as we do not want you to take these securities unless you are thoroughly satisfied with them. We will be able to send you a sample bond for your inspection in a day or two, and awaiting your further advices, we are,

"Yours very truly,                                  Farson, Son & Co."

On December 13th the respondent wrote appellants as follows:

"Canton, N. Y., Dec. 13, 1909.

"Farson, Son & Co.—Dear Sirs: Your recent communications to hand. I will take $2,000 of the N. Sterling Irrigation District bonds on conditions stated in your letter of the 8th Dec. I will not be able to take them until about Jan. 1st as my available capital is tied up in seasonable goods. You may send them to me by express or to First National Bank, Canton. I prefer, however, to have them sent direct.

"Yours truly,                                         G. E. Sims.

"P. S. I have bought bonds of N. W. Halsey & Co. for some time and everything has turned out well. I trust my dealings with you will be fully as satisfactory.                                              G. E. S."

On December 15th respondent received from appellants the following letter:

"New York, December 14, 1909.

"Mr. G. E. Sims, Canton, N. Y.—Dear Sir: We are in receipt of your favor of the 13th inst. and as instructed, we will be pleased to ship you direct—$2,000 county of Logan, Colorado, Municipal Water 6's (North Sterling Irrigation District), due June 1, 1925, Price 100 and interest—about January 1, 1910. We will do everything we can to make your dealings with us entirely satisfactory. With best respects, we are,

"Very truly yours,          P. pro Farson, Son & Company,
"J. H.                     .                        Ass't Cashier."

On or about January 1, 1910, the respondent received from appellants four of the said bonds of $500 each and paid appellants therefor the par value thereof with accrued interest. Default having been made in the payment of the coupons due June 1, 1912, and the appellants having refused to pay the same, and having informed respondent that the same would not be paid owing to the fact that sufficient taxes could not be collected to raise the necessary funds therefor, and appellants having also refused to repurchase said bonds after tender thereof and demand for repurchase, this action was brought, and the trial resulted in a judgment for the amount of the bonds and unpaid interest, from which judgment this appeal has been taken.

The complaint alleged, and the answer did not deny, that on or about the 13th day of December, 1909, a contract in writing was entered into between the respondent and appellants whereby it was agreed that the appellants should sell and that the respondent should purchase said bonds at the par value thereof and accrued interest; that thereafter, pursuant to the terms of said contract, said bonds were duly delivered by appellants to respondent and the par value with accrued interest duly paid by respondent to appellants therefor; and that payments of the coupons attached to said bonds was required by the terms of the said bonds. The sufficiency of the complaint has been considered by this court upon an appeal by these appellants from an interlocu-

tory judgment overruling a demurrer to the complaint; the decision being reported in 157 App. Div. 38, 141 N. Y. Supp. 673.

The appellants rely for obtaining a reversal of the judgment upon exceptions taken by them to the exclusion of evidence relating to the following matters: The appellants sought to prove the conversation by telephone between the parties hereto, referred to in the letter of December 8th, upon the theory that the expression used in that letter, "fulfill all requirements," was ambiguous, and hence that it was proper to prove the conversation and all the surrounding circumstances in order to explain the ambiguity, and also for the purpose of showing that the expression did not mean, and was not intended by the appellants to mean, that in event of default at any time appellants would repurchase said bonds, but that it meant, and was intended to mean, that the appellants would repurchase the bonds at selling price if within a reasonable time the bonds failed to meet the requirements of the contract of sale, including the statements and representations made by the appellants to the respondent in circulars, and otherwise. Appellants also sought to prove that the representative of appellants, who wrote for appellants the letters hereinbefore set forth, was not authorized to guarantee that the bonds would fulfill all requirements. The court excluded all such evidence, to which appellants duly excepted.

[1-4] We think the rulings of the trial court were correct. As before stated, the pleadings admit that the contract for the sale of the bonds was made by said letters. Hence all prior negotiations were merged therein. The pleadings also admit that the contract was duly made. Hence testimony to prove that the persons making it had no authority to do so was inadmissible. The expression "if they do not fulfill all requirements" can hardly be said to be ambiguous. The expression is not of doubtful meaning, but is readily understood. There was no requirement for the bonds to fulfill after delivery except payments according to their terms. Plainly the word "they" applies to the bonds, and not to the obligor, as the appellants argue. Besides, a discussion of the subject is unimportant in view of the fact that the pleadings concede that the payment of the interest coupons was one of the requirements of the bonds. What other requirements, if any, were contained in the circulars or in the conversation by telephone which the bonds may also have failed to fulfill, is not of any moment, even if admissible, and proof thereof could be of no benefit to appellants. While in the case of a parol contract void by the statute of frauds, of which writings are simply confirmatory, the prior negotiations are admissible in evidence as in fact constituting the contract, such rule does not apply where concededly the writings constitute the contract, and are not merely confirmatory of a completed parol agreement.

We think the decision of the trial justice was right. The respondent in purchasing the bonds evidently relied upon this guaranty by appellants, at whose office the coupons were payable, and who represented to the respondent that they had looked carefully into the securities before purchasing them outright, and could recommend them. Neither does holding the appellants to the agreement to repurchase the bonds work any injustice, as appellants were not merely brokers of

the bonds, but were the owners thereof, and received from respondent the full face value thereof.

The judgment appealed from should be affirmed, with costs to the respondent.

Judgment affirmed, with costs. All concur, except SMITH, P. J., dissenting in opinion.

SMITH, P. J. (dissenting). A prospectus advertising the bonds in question had been sent out by the defendants and had been seen by plaintiff. A letter was thereafter written by the plaintiff making some inquiry of the defendants as to the bonds, and a telephone conversation was had between the parties. After the sending out of this prospectus and this telephone conversation, the letter was written by defendants which is made the basis of this recovery. This letter commences with the phrase "referring to our conversation over the telephone," and, among other things, the defendants therein say, "We will agree to repurchase them (the bonds) at the selling price if they do not fulfill all requirements." The trial court has held as matter of law that this letter constituted a guaranty of payment and refused to allow the defendants to show what the telephone conversation was to which reference was made in the letter in which the promise was contained. This, in my judgment, was clearly erroneous. In the first place, an agreement to repurchase if the bonds "do not fulfill all requirements" is an unusual way to guarantee payment. It is an unusual way to agree to repurchase the bonds if default be made. The more natural interpretation would be that the bonds should be repurchased if conditions as represented did not exist. At least in view of the prospectus and telephone conversation, the phrase "if the bonds do not fulfill all requirements" is susceptible of different interpretations, and what interpretation should properly be put thereupon can only be determined either by the court or jury after full knowledge of the circumstances under which the phrase was used, including at least the telephone conversation to which the letter itself referred. I therefore vote for reversal and a new trial.