HILDA ALEXANDER, Respondent, v. UNITED FRUIT COMPANY,
Appellant.

Supreme Court, Appellate Term, First Department, December 22, 1927.

**Contracts — evidence — action for breach of contract of employment —
parol evidence as to hours of employment inadmissible to vary terms
of contract.**

Parol evidence as to a conversation plaintiff had with defendant's agent several
months prior to the execution of a contract for her employment, concerning
the hours of employment, is inadmissible, where the written contract of employ-
ment appears to have been complete and embraces all the particulars necessary
to make a complete agreement; to admit the conversation in order to establish
defendant's breach of the contract would tend to vary the written provisions
of the agreement.

APPEAL by defendant from judgment of the Municipal Court,
Borough of Manhattan, Seventh District, in favor of plaintiff.

W. Dale Williams, for the appellant.

Chadbourne, Hunt, Jaeckel & Brown [Joseph A. Nickerson of
counsel], for the respondent.

BIJUR, J. Plaintiff and defendant executed an agreement
in writing which provided for the plaintiff's employment " as
registered nurse for work in the Guatamala Division." The
agreement covers many details and provides also " that the employ-
ment is subject to the terms and conditions contained in the com-
pany's printed application for employment except as otherwise
specified herein." So far as may be judged by the ordinary
experience of mankind, this agreement seems to be perfectly com-
plete and manifestly enforcible. Plaintiff withdrew from the
service and sues for damages on the plea that the defendant required
her to work some eleven or twelve hours a day for a considerable
length of time; and in order to establish this as a breach of contract
on defendant's part gave evidence, over defendant's objection, of
a conversation with defendant's authorized representative several
months before the date of the agreement in which when plaintiff
asked him about the hours of duty he said " there would be one
day off a week and eight hours a day; that we could not work
longer hours down there on account of the trying climate." This
conversation was objected to on the ground that it was an attempt
to vary a written contract by parol evidence of conversations had
prior to the integration of the agreement. No attempt was made
by plaintiff, nor is any claim put forward on this appeal, that
the reasonableness of the hours of employment was one of the

implied terms of the contract and that by custom or other mode of proof it had been shown that the plaintiff was required to work an unreasonable length of time. The claim specifically made now is that the contract was incomplete and consequently being partly in writing and partly oral the testimony offered was of the " oral part " of the agreement and admissible on that score. The authorities, however, are to the contrary. When the written contract upon inspection appears to be complete, embracing all the particulars necessary to make a perfect agreement, parol evidence is not admissible for the purpose of varying or adding to the written provisions. (*Thomas* v. *Scutt,* 127 N. Y. 133, and the many decisions which follow it.) It is unnecessary to add to the reasoning of the courts which have passed on this question repeatedly; but it seems evident that if plaintiff's reasoning be adopted no written contract could ever be regarded as complete and entitle the contracting parties to invoke the parol evidence rule, because ingenuity would always permit the suggestion of details that had not been provided for (although it must be presumed that such details were either disregarded by the parties or were left to the ordinary rule of reasonableness).

Judgment reversed and a new trial granted, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LEVY and CRAIN, JJ.