LOUIS GULICKSON, Respondent, *v.* SEGLIN CONSTRUCTION Co., INC., Appellant.

County Court, Suffolk County, August 31, 1934.

*Harry C. Bremer,* for the plaintiff.

*Stephen Callaghan,* for the defendant.

HAWKINS, J.  The defendant appeals from an adverse judgment of the Justice Court of the town of Huntington in the sum of nineteen dollars and twenty-eight cents.  The amount involved is small but the matter at issue is important since it affects many other persons situated in the same position as the plaintiff.

The plaintiff is a laborer and a member of the Bricklayers Helpers Union.  He was employed by the defendant on a construction job at Kings Park.  At the time he commenced work on September 19, 1933, he signed an employment ticket.  This was admitted in evidence and reads, in part, as follows: " Seglin Construction Company, Inc. Employment and discharge ticket.  Start 9/19/33.  Trade Brick Hlpr.  Married.  Age 34.  In case of accident notify Hudson Ave., Huntington Station, L. I.  Hour 10.30 10.30 A. M. Rate per hour .75.  Employee's signature when starting — Louis Gulickson."

Gulickson worked until October 4, 1933, a total of forty-four and one-half hours.  He received payment at the rate of seventy-five cents per hour.  He claims an additional twenty-five cents per hour because of an alleged oral agreement between the representatives of his union and the defendant.  He never personally demanded more money, nor did the defendant ever tell him he would receive an additional amount.  The rate per hour was specified on the card when he signed it.  Plaintiff did have a conversation with one McLean, the union steward, who was also working on the job. This conversation was admitted over defendant's objection.  Plaintiff testified: " I asked him what the salary was per day and he said $6.00 a day  *  *  *.  I asked him if $6.00 a day was all we were to get, and he said no, there was a new scale coming out, and there would be something held in escrow."

Evidently plaintiff had no objection to working for six dollars per day, and the unliquidated " something " had apparently no bearing upon his acceptance of the work.  If he received anything, then so much the better; if nothing, then he was none the worse off.  The minds of employer and employee met on the common ground of seventy-five cents per hour and that was their contract.  Since no definite period was specified, the term of contract was at will. (*Martin* v. *Insurance Co.,* 148 N. Y. 117.)  The employer could not pay less while such employment continued.  By the same token the employee cannot now demand more unless he can establish a supervening contract.

The plaintiff sought to fortify his contention by the testimony of representatives of both the bricklayers' and laborers' union as to a purported escrow agreement. The defendant invoked the protection of the parol evidence rule, but his plea went unheeded. The law is too well established that parol evidence is inadmissible to vary the terms of a written contract to require extensive citation. (*Eichenauer* v. *Rentz Candy Co.*, 43 Misc. 151; *Eighmie* v. *Taylor*, 98 N. Y. 294.) And the same rule applies to an informal writing, providing it was intended by the parties to embody the contract. (*Sims* v. *Farson*, 162 App. Div. 426.) When the written contract appears complete, embracing all the particulars necessary to make a valid agreement, parol evidence is not admissible for the purpose of varying or adding to the written provisions. (*Thomas* v. *Scutt*, 127 N. Y. 133; *Alexander* v. *United Fruit Co.*, 131 Misc. 41.)

Where there is a written contract between the union and the employer, the same operates to the benefit of the employee who is a member of the union. (*Keysaw* v. *Dotterweich Brewing Co.*, 121 App. Div. 58.) This was the case with the bricklayers whose union entered into an arbitration agreement with the employer, the dispute being finally determined in favor of the union. But there was no arbitration respecting the laborers. To put it mildly, the testimony that any definite amount was to be held in escrow is conflicting and decidedly unsatisfactory. In the absence of definite proof to the contrary, the employment slip must be deemed the contract between the parties, and not a mere identification card. It contains all the elements of a binding agreement and the parties must abide thereby. The decision of the plaintiff to claim the additional amount was evidently an afterthought inspired by the decision of the National Labor Board in allowing the claim of the bricklayers' union.

The judgment of the Justice Court should be reversed and judgment directed in favor of the defendant.